UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:90-cr-305-CEH-TGW

LUIS C. BENNETT
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 339). In the motion, Defendant requests a reduction in his sentence to time served due to his numerous medical conditions and his need to care for his ill wife. The Government filed a response in opposition (Doc. 341), and Defendant replied (Doc. 347). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).

**I.   BACKGROUND**

On May 17, 1991, a jury found Defendant Luis Bennett ("Defendant") guilty of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. On August 27, 1991, Defendant was sentenced by District Judge William J. Castagna to 264 months' imprisonment after concluding Defendant was responsible for in excess of 200 kilograms of cocaine. On December 19, 1996, Defendant was re-sentenced to 212 months' imprisonment, pursuant to the 1996 amendments to the sentencing guidelines. Docs. 246, 322 at 1. Thereafter, Defendant received an

additional 12-month sentence reduction after completing a residential drug program. Doc. 339-2 at 4.

In 2000, Defendant escaped from prison.[1] He remained a fugitive until August 2018, when he voluntarily surrendered in Columbia to get medical assistance for leg pain. On February 6, 2019, he was sentenced in the Southern District of Florida to an additional 18 months' imprisonment for the escape. Doc. 341 at 2.

Defendant is 73 years old and is currently incarcerated at FMC Rochester in Minnesota with an expected release date of August 26, 2025. https://www.bop.gov/inmateloc/ (last accessed October 25, 2023).

On April 19, 2023, Defendant, proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking a reduction in his sentence to time served because of his medical conditions, his age, and family circumstances. Doc. 339. The circumstances which allow a Court to reduce a defendant's sentence are limited. Because the reasons relied upon by Defendant to support a reduction in his sentence are not present here, the motion is due to be denied.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817,

---

[1] Defendant states he escaped because it was his only option to see his ill mother before she died. Doc. 339-2 at 4. He escaped in May 2000. His mother passed away in April 2015. *Id.* at 4–5.

2

824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

### A. Administrative Exhaustion

Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. Here, Defendant submits a copy of an email sent to the Warden of his facility and dated March 24, 2020, wherein he requests compassionate release. Doc. 339 at 4. On April 8, 2020, he received a response denying his request. *Id.* at 5. And on September 10, 2020, the Warden denied his request for reconsideration of the initial denial. *Id.* at 6. Defendant filed a second request for compassionate release in July 2020 after testing positive for COVID-19. *Id.* at 7. He again appealed, and the appeal was denied by the BOP. *Id.* at 8–10, 12. Defendant has exhausted his administrative remedies. The Government does not argue to the contrary. Doc. 341 at 6. The Court turns next to the merits of the motion.

### B. Extraordinary and Compelling Reason

Even though administrative exhaustion is satisfied, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in his sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four

categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.* Defendant argues that his medical condition, his serious deterioration in health due to the aging process, and his family circumstances warrant compassionate release.

### *(1) Medical Conditions*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Defendant states he is in poor health and identifies the following conditions from which he suffers: Stage 4 kidney disease, anemia, peripheral vascular disease, COPD, chronic kidney disease, chronic embolism and thrombosis of the veins, chronic acidosis, hearing loss, unspecified heart disease, vascular disorder of intestine, unspecified disease of anus and hemorrhoids, rheumatoid arthritis, enlarged prostate, cataracts in both eyes, surgical adhesions, and history of COVID-19. Doc. 339 at 8–9.

The Government responds that a Bureau of Prisons (BOP) doctor, Charles B. Slater, M.D., thoroughly reviewed Defendant's medical records and evaluated his

conditions in November 2021. Doc. 341 (citing Doc. 339 at 16–23). In pertinent part, Dr. Slater concluded that Defendant is not suffering from conditions that put him on an end-of-life trajectory within 18 months. Doc. 339 at 23. The Government cites to Defendant's medical records to demonstrate that Defendant's conditions are being monitored and treated.

Review of Defendant's records reveals he suffers from numerous medical conditions, but none that would be characterized as a terminal illness. Additionally, Defendant's records reflect he is receiving medication, undergoing examinations, having laboratory and other testing done, and is otherwise being monitored. An April 2023 medical visit reflects no changes in vision, no headaches, no bleeding gums, no shortness of breath, no diarrhea, normal temperature, relatively normal blood pressure, and an extensive list of medications being administered for his various conditions. Doc. 345. On the record before it, the Court cannot say that Defendant is unable to care for himself in the prison environment, and thus he fails to demonstrate the existence of extraordinary and compelling circumstances to support a reduction in sentence based on his medical conditions. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

*(2) Defendant's Advanced Age*

According to the Sentencing Commission's policy statement on compassionate release, the "Age of the Defendant" qualifies as an extraordinary and compelling reason to support a sentence reduction if the defendant: (1) "is at least 65 years old;" (2) "is experiencing a serious deterioration in physical or mental health because of the aging process;" and (3) "has served at least 10 years or 75 percent of his or her term of

7

imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. 1(B). Defendant is 73 and has served at least 10 years,[3] and thus he satisfies both the first and third factors.

As to the second factor of the "age" category, the issue is whether Defendant is experiencing a serious deterioration in physical or mental health because of the aging process. In his evaluation of Defendant, Dr. Slater acknowledged that Defendant suffers from multiple medical problems which will progress with age. Doc. 339 at 22. However, Dr. Slater noted that Defendant maintains his cell independently; is independent with dressing, grooming, and showering; and can take oral medications independently. *Id.* However, Defendant needs a walker for ambulation and, at the time of the report, was housed on a 24-hour nursing care unit due to his need for partial parenteral nutrition (PPN) and frequent monitoring. *Id.* Given Dr. Slater's evaluation, Defendant is still capable of caring for most of his daily activities of living. While this is a closer call, the Court cannot say at this juncture that Defendant is suffering from a serious deterioration in physical or mental health due to the aging process. *See* U.S.S.G. § 1B1.13, cmt. 1(B).

### *(3) Family Circumstances*

Regarding the third category, as discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor

---

[3] Although Defendant satisfies the age requirement for 18 U.S.C. § 3582(c)(1)(A)(ii) in that he is older than 70 years of age, because he has not served at least 30 years in prison, the provision for compassionate release under subparagraph (ii) is unavailable to him.

child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Defendant seeks compassionate release to be able to care for his wife, who is a cancer survivor. However, by his own proposed release plan, he submits that his wife would be the one to care for him, *see* Doc. 339 at 1, which is counterintuitive to his request for release to care for her. Additionally, as the Government's response points out, Defendant has a son and daughter-in-law who live nearby and thus there could potentially be other caregivers available to assist his spouse. Finally, Defendant's wife survived cancer and there is no evidence before the Court that she is currently incapacitated. Defendant fails to demonstrate that his family circumstances warrant early release.

### C. Section 3553(a) Factors

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of the § 3553(a) is not warranted. But, even considering the § 3553(a) factors, the Court cannot find that they weigh in favor of a reduction in sentence given the gravity of the crime committed and the quantity of drugs involved, the Defendant's escape from prison, and his being a fugitive for nearly 18 years.

The Court has considered the Section 3553(a) factors and determined that they do not weigh in favor of a reduction in sentence, particularly given his escape, which conduct fails to reflect the seriousness of the offense and promote respect for the law.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A) (Doc. 339) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 31, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Luis Bennett, *pro se*
Counsel of Record