# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:90-cr-305-CEH-TGW

LUIS C. BENNETT

_____

## ORDER

This cause comes before the Court on Defendant Luis C. Bennett's "Motion to Request That Government Provides Defendant's Files" (Doc. 351) and his Motion seeking "all documents" from this case (Doc. 356).

*Doc. 351*

Prior to filing this motion, Defendant filed a Motion to Compel, asking the Court to compel his former counsel, Nestor Castillo Jr., to produce "all attorney/client files and records" to him. Doc. 348. Defendant indicated that this was needed for the filing of several other motions, including his second or successive motion under 28 U.S.C. § 2255, which – as described below – has since been dismissed. *Id.* Magistrate Judge Thomas G. Wilson issued an order denying this Motion, finding that Attorney Castillo was not listed on the record, and that a Florida Bar search indicated that he was retired. Doc. 350.

In light of the magistrate's Order, Defendant now "requests that this Honorable Court in itself be the provider of ALL of the records of the case." Doc. 351. However, Defendant's motion states no legal basis for his requested relief, and it is not clear on

what basis the Court could order Defendant's former attorney, who is not listed on the record, to turn over the alleged records in question. Therefore, Defendant has failed to show his entitlement to relief, and the Court will deny this motion. *See* Middle District of Florida Local Rule 3.01(a) ("A motion must include . . . a legal memorandum supporting the request."); *United States v. Vargas,* No. 8:13-CR-191-VMC-AEP, 2020 WL 5076248, at *1 (M.D. Fla. Aug. 26, 2020) (denying an incarcerated defendant's motion for the fact that he did "not identif[y] any . . . legal basis on which this Court might grant relief.").

*Doc. 356*

Defendant's second motion cites to the Freedom of Information Act to request that the Court issue an order "allowing" him to be provided with "all documents" from this case in support of a Motion for New Trial. Doc. 356 at 1. Defendant further notes that he is requesting a number of documents, including a copy of the docket, the original charge(s) against him, discovery, and transcripts. *Id.*

First, although Defendant cites the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") he fails to assert any facts alleging a violation of that statute. FOIA requires agencies to make information available to the public as specified under the statute. *Id.* "Agency," for the purpose of this statute, is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency." § 522(f)(1). In other words, "[f]ederal courts . . . are expressly excluded from the definition of 'agency' for purposes of the FOIA disclosure

2

requirements." *United State v. Sims,* No. 1:21-cr-65-RDP-SGC, 2023 WL 6065032, at *1 (N.D. Ala. Sept. 18, 2023) (citing *United States v. Miramontez,* 995 F.2d 56, 59 n.3 (5th Cir. 1993)). Defendant makes no specific allegations of how FOIA applies to this case. Thus, based on the language of the statute, it does not appear to provide Defendant with relief in any form.

As to the transcripts (and other documents) Defendant seeks copies of, the Court will grant his request for a copy of the docket in this case. However, he is not simply entitled to free transcripts or copies of other documents because he claims to be preparing another motion to vacate under 28 U.S.C. § 2255. Doc. 351 at 1. Rather, he must show a need for the transcripts. *See* 28 U.S.C. § 753 (requiring an indigent prisoner to make a showing that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented").[1]

And upon review of the docket, Defendant's § 2255 motion to vacate has already been dismissed without prejudice as a second or successive motion to vacate filed without authorization from the Eleventh Circuit Court of Appeals.[2] The Eleventh

---

[1] Even after a § 2255 motion or habeas petition is filed, a movant is generally "not entitled to discovery as a matter of ordinary course" but must instead demonstrate "good cause." *Arthur v. Allen*, 459 F.3d 1310, 1310 (11th Cir. 2006); *see also* Rules 1(b) and 6(a) of the Rules Governing § 2254 Cases; Rule 6(a) of the Rules Governing Section 2255 Proceedings*; United States v. Hollis*, 2010 WL 892196 (D. Ak. Mar. 10, 2010) (denying document unsealing without a relevancy showing because such production would just be a "fishing expedition for the sake of turning up new potential 2255 claims"). Here, Defendant has not made any need-based showing for these documents beyond his vague, conclusory belief that they may be of some use to him. His request is therefore denied. *Glover v. United States,* No. CR416-258, 2018 WL 3685505, at *2 (S.D. Ga. July 6, 2018), *report and recommendation adopted*, No. CR416-258, 2018 WL 3660358 (S.D. Ga. Aug. 2, 2018).

[2] *See* Civil Case No. 8:23-cv-1428-CEH-TGW at Doc. 2.

Circuit subsequently dismissed in part and denied in part Defendant's application for leave to file a second or successive motion on August 1, 2023. *See* Doc. 352.

The statute also authorizes free transcripts for indigent defendants "in criminal proceedings," "in habeas corpus proceedings," or when pursuing a non-frivolous appeal. *See* 28 U.S.C. § 753. Here, however, there is no pending appeal and no pending Section 2255 proceeding.[3] Thus, the Court cannot say that the action is not frivolous or that transcripts are necessary to decide the issues. *See, e.g., United States v. MacCollom,* 426 U.S. 317, 327 (1976) (noting Section 2255 petitioner's blanket claim of ineffective assistance of counsel, where any discussion he may have had with his trial counsel would not normally appear in the transcript of proceedings, is not likely to be cured by a transcript). Defendant's Motion fails to explain why the transcript or specific documents are needed to decide any issues; therefore, his motion for copies of "all documents" in this case will otherwise be **DENIED**.[4]

Finally, although Defendant is not represented by counsel, he is not entitled to free copies of documents. *Jackson v. Fla. Dep't of Fin. Servs.,* 479 F. App'x 289, 292-293

---

[3] Additionally, the Court notes that Defendant's Unopposed Motion to Reduce Sentence pursuant to Retroactive Amendment 821 of the United States Sentencing Guidelinese was granted, reducing his term of imprisonment to 151 months *nunc pro tunc* to the date of the original sentence or time served, whichever is greater. *See* Doc. 366.

[4] Further, defendants are generally required to request the sentencing transcript directly from the court reporter who transcribed it. Because it is not clear who the court reporter was in this case from the docket, and that court reporter may have retired, Defendant should therefore write to the Clerk of Court for the Tampa Division of the Middle District of Florida, provide his contact information and specific transcript request(s), and ask the Clerk for assistance in directing his request to the right person.

(11th Cir. 2012) (relying on *Harless v. United States,* 329 F.2d 397, 398-99 (5th Cir. 1964)) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation."); *see also* 28 U.S.C. § 1914(b) (prescribing that the Court collect certain fees, including those for copies).

Thus, as to any other specific copies Defendant may seek, the fee associated with reproducing any paper record is $0.50 per page. 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, 4.a.). The Clerk requires the prepayment of fees prior to providing copies of any documents. *See* 28 U.S.C. § 1914(c).

Generally, to inquire about the number of pages in and, therefore, the cost of ordering a copy of a specific filing, Defendant shall write a letter to the Clerk identifying his case number, explaining his desire to purchase copies, and listing the specific docket entries he seeks. The Clerk will then mail to Defendant information concerning the costs of copies. Then, if necessary, Defendant can follow the procedures at his place of incarceration to direct money from his prisoner account to the Clerk's Office.

Accordingly, it is **ORDERED**:

1. Defendant Luis C. Bennett's Motion to Request that Government Provides Defendant's Files (Doc. 351) is **DENIED.**

2. Defendant Luis C. Bennett's Motion for all documents from this case (Doc. 356) is **GRANTED-IN-PART**, to the extent that the Court will provide Defendant with a copy of the docket in this case. It is otherwise **DENIED**.

3. The Clerk shall provide a copy of the docket in this case to Defendant.

4. Defendant shall follow the procedures outlined in this Order to pay for any Copies or transcripts he requests.

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties