UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:90-cr-305-CEH-TGW

LUIS C. BENNETT

## ORDER

This criminal matter comes before the Court on Defendant Luis C. Bennett's Motion for New Trial, filed pursuant to Federal Rule of Criminal Procedure 33. Doc. 353. More than thirty-two years after conviction, Defendant seeks a new trial because of various "terrible errors," including the performance of his court-appointed lawyer. *Id.* at 1. Defendant argues that he is entitled to a new trial based upon five grounds, including the validity of the charges against him, perjury, errors by the trial court, ineffective assistance of counsel, and insufficient evidence at trial. *Id.* at 1–8. In addition to ordering a new trial, Defendant asks that the Court enter a judgment of acquittal (*id.* at 8) and provide him with copies of records from the case (*id.* at 1).[1]

The Government responds in opposition to Defendant's Motion for New Trial. Doc. 354. It argues, briefly, that the motion must be denied as untimely. *Id.* The Government notes that under Rule 33(a), a district court may vacate a judgment and

---

[1] To the extent Defendant broadly seeks documents from his case, the Court has already addressed an identical request made in a separate motion and instructed Defendant as to the proper means of obtaining such copies. *See* Docs. 351, 356, 369. Therefore, this relief is denied.

grant a new trial if required in the interest of justice. *Id.* However, it argues that a motion based on newly discovered evidence must be filed within 3 years after the verdict, and a motion for any other reason must be filed within 14 days after the verdict. *Id.* Because this is a rigid deadline, the Government asserts that the Court cannot consider Defendant's severely untimely motion. *Id.* at 1–2. Defendant submits a reply, arguing that his request is only untimely due to the actions of his court-appointed trial counsel. Doc. 358. Finally, he again details his various arguments and grounds for relief. *Id.* at 1–8.

    Defendant's motion will be denied because it is untimely. As the Government correctly notes, a motion under Rule 33(a) "grounded on newly discovered evidence must be filed within 3 years after the verdict" and a motion for new trial based upon any other reason must be filed "within 14 days after the verdict." Fed. Rs. Crim. P. 33(b)(1), 33(b)(2). As the United States Supreme Court has stated, "[t]his deadline is rigid." *Eberhart v. United States,* 546 U.S. 12, 13 (2005).

    Therefore, the Court "cannot grant Defendant relief under the Federal Rules of Criminal Procedure. These rules are claim-processing rules and the district court must observe the clear limits of the rules when they are properly invoked." *United States v. Farias,* No. 5:08-CR-43-JA-PRL, 2020 WL 6927576, at *2 (M.D. Fla. Oct. 7, 2020). As the Government points out, Defendant's motion was filed at least 29 years after the three-year deadline for motions based on newly-discovered evidence, and at least 32 years after the 14-day deadline for motions based on other grounds—far too late.

Finally, Defendant alludes to the concepts of equitable tolling and "yielding" in his reply, requesting that the Court apply them to his case if appropriate. Doc. 358 at 7–8. However, he cites no authority and the Court is not aware of any that would allow the Court to apply these doctrines here.[2] Therefore, Defendant's Motion for a New Trial (Doc. 353) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Eleventh Circuit has not explicitly decided that the doctrine of equitable tolling is applicable to Rule 33 motions. However, in an unpublished decision, it did address equitable tolling in the context of Rule 33. *See United States v. Rodriguez*, 673 Fed. Appx. 914, 2016 WL 7240141, at *3 (11th Cir. Dec. 15, 2016). In that case, without expressly deciding that the doctrine of equitable tolling applies to such motions, the Court stated, "[Defendant] is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, considering Defendant's various unsubstantiated claims of perjury and ineffective assistance of counsel at trial, in addition to the more than eighteen years that passed in between Defendant's escape from a Federal Prison Camp and his eventual self-surrender (*see* Doc. 353 at 1), the Court finds that Defendant has not met his burden as to the requirements for equitable tolling, even if it were available.