## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:90-cr-305-CEH-TGW

LUIS C. BENNETT

_____

## <u>ORDER</u>

This criminal matter comes before the Court on *pro se* Defendant Luis C. Bennett's Motion Seeking Correct Application of Time Reduction. Doc. 367. Bennett takes issue with the Bureau of Prisons' ("BOP") calculation of his time served as it relates to two different criminal sentences—one imposed over thirty years ago in the instant case, and a second consecutive sentence imposed in the Southern District of Florida, Case No. 18-10875-CR-Moreno, on charges of escape. *Id.*

In this matter, the Court recently granted Defendant's unopposed motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence from 212 months' imprisonment to 151 months' imprisonment *nunc pro tunc* to the date of the original sentence, or TIME SERVED, whichever is greater. Doc. 366. Defendant argues that the BOP has not properly factored in this reduction regarding his sentence in the Southern District of Florida, and that over 60 months "left over" of the reduction after it was applied to the remainder of his sentence in this matter should be applied to his sentence in the Southern District of Florida. Doc. 367 at 1. He states that, according to the BOP, the reduction applies only to this case, and has no bearing on his other

sentence. *Id.* Defendant argues that he should instead be released immediately based on the reduction. *Id.* at 1–2.

Upon review and consideration, and being duly advised in the premises, the motion is due to be dismissed for lack of jurisdiction because Defendant has not exhausted his administrative remedies to the extent he seeks judicial review of his time-served calculation.

Decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. The Supreme Court has held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Coates,* 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing *United States v. Wilson,* 503 U.S. 329, 334 (1992)). Instead, the Bureau of Prisons has the authority to make that determination. *United States v. Hardy,* 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). Thus, Defendant must first ask the Bureau of Prisons to correct his time credits issue. If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." *United States v. Leverette,* 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, *et seq*). After he has exhausted the administrative remedy procedures through the BOP, if he is dissatisfied with the result, he may seek judicial review of the credit computation by way of a petition pursuant to 28 U.S.C. § 2241 in the federal district court in the district

where he is incarcerated. *Id.; see Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir. 1991).

Accordingly, Defendant's Motion Seeking Correct Application of Time Reduction (Doc. 367) is **DISMISSED** without prejudice for lack of jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on January 9, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties